**GREENSPOON MARDER LLP**
Richard W. Epstein (*pro hac vice* application forthcoming)
richard.epstein@gmlaw.com
Jeffrey A. Backman (*pro hac vice* application forthcoming)
jeffrey.backman@gmlaw.com
Roy Taub (*pro hac vice* application forthcoming)
roy.taub@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
Tel:  (954) 491-1120
Fax: (954) 213-0140

Germain D. Labat (Cal. Bar No. 203907)
germain.labat@gmlaw.com
1875 Century Park East, Suite 1900
Los Angeles, CA 90067
Tel: 323.880.4539
Fax: 954.771.9264

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL STRAUCH and ERNA STRAUCH,<br><br>Plaintiffs,<br><br>v.<br><br>DIAMOND RESORTS CORPORATION, DIAMOND RESORTS HAWAII COLLECTION, LLC, DIAMOND RESORTS FINANCIAL SERVICES, INC., JONATHAN GARCIA, DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>[Orange County Superior Court Case No. 30-2021-01233102-CU-FR-CJC]<br><br>**DEFENDANTS' JOINT NOTICE OF REMOVAL** |

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA  90067
TEL:  323.880.4520

DEFENDANTS' JOINT NOTICE OF REMOVAL

Defendants Diamond Resorts Corporation, Diamond Resorts Hawaii Collection Development, LLC (erroneously named as Diamond Resorts Hawaii Collection, LLC), Diamond Resorts Financial Services, Inc., and Jonathan Garcia (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, with full reservation of all defenses, hereby jointly remove this action from the Superior Court of California, Orange County, Central Branch, to the United States District Court for the Central District of California, Southern Division.  In support of this Notice of Removal, Defendants state as follows:

## I. Background

1. On November 23, 2021, Plaintiffs Michael Strauch and Erna Strauch filed a Complaint for Damages instituting this lawsuit in the Superior Court of California, Orange County, Central Branch, No. 30-2021-01233102-CU-FR-CJC (the "Complaint").  *See* Ex. A.

2. On December 2, 2021, copies of the Summons and Complaint were mailed to Defendants under Cal. Civ. Pro. Code § 415.40.  *See* Ex. B.  "Service of a summons by this form of mail is deemed complete on the 10th day after such mailing." Cal. Civ. Proc. Code § 415.40.

3. Defendants now timely remove this action to this Court.

## II. Basis for Jurisdiction

4. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b).  This action makes claims for monetary and equitable relief that could have been filed originally with this Court pursuant to 28 U.S.C. § 1332(a) because, based upon the pleaded claims, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.  *See* 28 U.S.C. § 1332(a) and (a)(1).

5. The diversity requirement is met because Plaintiffs and the Defendants are completely diverse.

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA  90067
TEL:  323.880.4520

DEFENDANTS' JOINT NOTICE OF REMOVAL
1

6. For purposes of diversity jurisdiction, a "corporation is deemed a citizen of its place of incorporation and the location of its principal place of business." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994).

7. A limited liability company's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (""[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

8. As demonstrated below, all Plaintiffs are completely diverse from all Defendants. As such, this case satisfies the diversity requirements of 28 U.S.C. §§ 1332(a)(1) and 1441(b).

**A. Citizenship of Plaintiff**

9. Plaintiffs are both residents of Pittsburgh, California. Ex. A at ¶ 1. Plaintiffs are therefore citizens of California.

**B. Citizenship of Each Defendant**

10. Diamond Resorts Corporation is a corporation organized under the laws of the State of Maryland with its principal place of business in Las Vegas, Nevada. Diamond Resorts Corporation is therefore a citizen of Maryland and Nevada.

11. Diamond Resorts Hawaii Collection Development, LLC (erroneously named as Diamond Resorts Hawaii Collection, LLC) is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Las Vegas, Nevada. Its sole member is Diamond Resorts Developer and Sales Holding Company, which is a corporation organized under the laws of the State of Delaware with its principal place of business in Las Vegas, Nevada. Diamond Resorts Hawaii Collection Development, LLC is therefore a citizen of Delaware and Nevada.

12. Diamond Resorts Financial Services, Inc. is a corporation organized under the laws of the State of Nevada with its principal place of business in Las Vegas, Nevada. Diamond Resorts Financial Services, Inc. is therefore a citizen of Nevada.

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

DEFENDANTS' JOINT NOTICE OF REMOVAL
2

13. Jonathan Garcia is a natural person who resides in the State of Nevada. Mr. Garcia is therefore a citizen of Nevada.

14. Although the Complaint also names additional Defendants, they are sued under fictitious names as "Does 1-10." *See* Ex. A at ¶ 16. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). *See also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."). Accordingly, these remaining Defendants are irrelevant to the determination of diversity of citizenship.

### C. Value of the Matter in Controversy

15. The nature of the claims in the Complaint establishes that the value of the matter in controversy here exceeds $75,000.00 exclusive of interests and costs. See 28 U.S.C. § 1332(a).

16. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Where . . . it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, 'the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quoting *Urbino v. Orkin Services. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)).

17. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). To determine the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

DEFENDANTS' JOINT NOTICE OF REMOVAL
3

complaint." *Park v. Jaguar Land Rover N. Am., LLC*, No. 20-cv-00242-BAS-MSB, 2020 WL 3567275, *2 (S.D. Cal. July 1, 2020) (quoting *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012)).

18. The amount in controversy includes "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes," including future attorneys' fees. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016) (citing *Chabner v. United of Omaha Life Insurance Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000)). *See also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met. "). Moreover, where the initial pleading seeks nonmonetary relief, "the notice of removal may assert the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2).

19. Plaintiffs' Complaint generally alleges that Plaintiffs were fraudulently induced to "enter into a series of contracts with Defendants, including but not limited to the Purchase & Security Agreement, Assignment and a Credit Sale Contract Promissory Note of **$69,550.00**." Ex. A at ¶ 22 (emphasis in original). Plaintiffs define these contracts as the "time-share contracts," (*id.*), although they also appear to refer to the same contracts in the same cause of action in the singular form: "time-share contract" and "this contract." *See id.* at ¶¶ 33, 35, 36, 37. Significantly, in Plaintiffs' Third Cause of Action (Rescission), Plaintiffs demand "rescission of the aforementioned contract . . . ." *Id.* at ¶ 52.

20. For the following reasons, Plaintiffs could legally receive an award of more than $75,000 for their claims should Defendants not prevail in this matter.

### 1.    Compensatory Damages

21. Plaintiffs seek to recover actual damages alleged to have resulted from their "time-share contracts" with Defendants in the same amount on their first and second causes of action (for fraud and intentional concealment): $10,882.63. *See* Ex.

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

DEFENDANTS' JOINT NOTICE OF REMOVAL
4

A at ¶¶ 38 & 49. This amount appears to constitute "the consideration paid by Plaintiffs for the subject property . . . ." *Id.* at ¶ 52.

### 2. Equitable Relief

22. Plaintiffs' third cause of action is for "rescission of the aforementioned contract," (*id.*), which can only mean the series of contracts executed on July 24, 2021 and defined in the Complaint as the "time-share contracts." *See id.* at ¶¶ 18-22. Although Plaintiffs again recite the amount of $10,882.63 in connection with their rescission claim, that is only in the context of alleging that, to obtain the remedy of rescission, Plaintiffs "offer[ ] to restore all consideration furnished by defendant under said contract, on the condition that Defendant restore to Plaintiffs the consideration paid by Plaintiffs for the subject property in the sum of $10,882.63, with interest thereon . . . ." *Id.* at ¶ 52.

23. "In actions for rescission, Courts have used the value of the object of the contract as the value of the rescission claim for the amount-in-controversy determination." *Locher v. Thor Motor Coach, Inc.*, No. 3:17-CV-01804-GPC-MDD, 2017 WL 6016114, *2 (S.D. Cal. Dec. 5, 2017) (quoting *Diaz v. Carmax Auto Superstores Cal.*, LLC, No. 1:15-cv-00523-AWI-SAB, 2015 WL 3756369, *3 (E.D. Cal. June 16, 2015)). Thus, "in cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy . . . ." *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000). *See also Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 227–28 (2d Cir. 2017) (same); *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 329 (3d Cir. 2009) (finding amount in controversy was not limited to "itemized 'out of pocket expenditures'" of $16,533.39, but also included value of rescission claim of at least the full $85,000 purchase price of the allegedly defective powerboat); *Garcia v. Citibank, N.A.*, No. 2:09-cv-03387-JAM-DAD, 2010 WL 1658569, *2 (E.D. Cal. Apr. 23, 2010) (finding value of claim for rescission of mortgage loan with original amount of $211,000 would be at least that amount).

*GREENSPOON MARDER*
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

DEFENDANTS' JOINT NOTICE OF REMOVAL
5

24. Here, the total "value" of the timeshare contracts that Plaintiffs seek to rescind, and therefore avoid paying and for which they seek reimbursement for payments previously made, is ***at least $77,600***, more than the $75,000 requirement for diversity jurisdiction. As demonstrated in the Purchase and Security Agreement entered into on July 24, 2021, the purchase price of Plaintiffs' purchase was $77,600.00. *See* Ex. C. Plaintiffs made a down payment of $8,800.00, resulting in an unpaid balance of $69,550.00 (the amount specifically alleged in the Complaint) that they financed through a promissory note also referenced in the Complaint. *See id.*; Ex. A at ¶ 22; Ex. D. By their rescission action, Plaintiffs place that entire purchase price in controversy.

25. Furthermore, the total payments due under the Promissory Note that Plaintiffs seek to rescind is also properly included in the amount of controversy. *Accord Locher*, 2017 WL 6016114 at *3. As the court in *Locher* explained:

> One might argue that the 'value of the object' of Locher's contract should not include the interest she owes on the financed portion of the vehicle's price, but instead should reflect only the original price of the vehicle . . . .
>
> This analysis, however, "fails to draw the distinction which the cases recognize, between interest imposed as a penalty for delay in payment, and interest exacted as the agreed upon price for the hire of money." *Brainin v. Melikian*, 396 F.2d 153, 154 (3d Cir. 1968). Section 1332(a) excludes only the former category of interest, not the latter. *Id*. ("The former is the 'interest' which is excluded in determining jurisdictional amount; the latter is rightly computed as part of the amount to which the claimant is entitled."). The interest due under Locher's financing contract falls within the latter category because it has nothing to do with a "delay" in Locher receiving the remedy she seeks in this suit. Rather, the "interest" in this case is the money Locher owed Thor in exchange for a loan of $54,363.29. This amount is not "merely incidental to Plaintiff's claim" and does not "arise[ ] solely from delay in payment of an obligation." *Manone v. Farm Bureau Prop. & Cas. Co.*, No. cv-15-08003-PCT-JAT, 2016 WL 1059539, at *4 (D. Ariz. Mar. 17, 2016). Instead, Locher is seeking to cancel an obligation that she would otherwise have to pay if she does not obtain rescission of her contract.

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

DEFENDANTS' JOINT NOTICE OF REMOVAL
6

*Id.*

26. As stated in the Truth in Lending Disclosure, which Plaintiff Michael Strauch acknowledged receipt of and signed, the payments on the "time-share contracts" at issue in this case over the contractual term of ten years will amount to $145,718.40, plus the down payment of $8,800.00, for a "total sale price" of $154,518.40. Ex. E.

27. Thus, the value of the "time-share contracts" sought to be rescinded, alone – even without including the interest payments due – satisfies the amount in controversy requirement ($77,600). When the interest payments due over the ten-year term of the "time-share contracts" are properly included to determine the full value of Plaintiffs' rescission claim, the value is more than double the jurisdictional threshold, *i.e*, $154,518.40.

### 3. Declaratory Relief

28. Plaintiffs' fifth cause of action seeks declaratory relief that, among other things, "the anti-deficiency laws of the state of California apply to the financing agreements executed by plaintiffs in favor of defendants . . . ." Ex. A at ¶ 73. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

29. Here, the object of the requested declaration is whether Defendants would have the right to pursue a deficiency judgment against Plaintiffs, that is, if, upon Plaintiffs' default of their debt on the subject timeshare and the enforcement of the security interest, such as by foreclosure, Defendants could seek recourse against the Plaintiffs for the amount of the debt not satisfied by the foreclosure. *See*, *e.g.*, *Crookall v. Davis, Punelli, Keathley & Willard*, 77 Cal. Rptr. 2d 250, 255 (Cal. Ct. App. 1998); Cal. Civ. Proc. Code § 580b.

30. Plaintiffs do not allege the amount that remains outstanding on the subject timeshare account resulting from the July 24, 2021 purchase. As noted above, however,

the purchase price of Plaintiffs' purchase was $77,600.00. *See* Ex. C. Plaintiffs allege that "the consideration paid by Plaintiffs for the subject property" is "the sum of $10,882.63," (Ex. A at ¶ 52), leaving an obligation of at least $66,717.37 (without consideration of accrued interest, late fees, or service charges). Plaintiffs further allege that there is "little or no resale value for the time-share interest" that they "purchased" on July 24, 2021, *i.e.*, the timeshare interest that is the subject of the lawsuit. *Id.* at ¶ 68.

31. Accordingly, a declaration that California's anti-deficiency laws apply to Plaintiffs' timeshare interest has a value to Plaintiffs of at least $66,717.37, as that is the likely deficiency that Plaintiffs seek to effectively be declared to be immune from suit over given they allege that there is "little or no resale value for the time-share interest . . . ." Ex. A at ¶ 68. "The value of the 'thing sought to be accomplished by the action' may relate to either or any party to the action." *Ridder Bros. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944).

### 4. Attorneys' Fees

32. Plaintiffs seek attorneys' fees on their fourth case of action for elder abuse under Cal. Welf. & Inst. Code § 15657.5. Ex. A at ¶¶ 54-68, page 11 (Prayer for Relief). That statute permits the recovery of reasonable attorneys' fees and costs where a defendant is liable for financial elder abuse under Cal. Welf. & Inst. Code § 15610.3. As "Plaintiffs have plead a cause of action under the elder abuse statute, . . . their prayer for reasonable attorney's fees and costs should be included in the amount in controversy." *Guerard v. CNA Fin. Corp.*, No. C 09-01801 SBA, 2009 WL 10710608, *4 (N.D. Cal. July 31, 2009). *Accord Fritsch*, 899 F.3d at 794 ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met. ").

33. "The attorney fee provision in section 15657.5 is not discretionary in nature. . . . Under the plain language of the statute, an award of attorney fees is a

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

DEFENDANTS' JOINT NOTICE OF REMOVAL
8

mandatory form of relief regardless of whether the plaintiff is awarded any other form of relief." *Arace v. Medico Invs., LLC*, 262 Cal. Rptr. 3d 341, 345 (Cal. Ct. App. 2020).

34. Plaintiffs expressly allege that the reasonable attorneys' fees that they "have incurred" are "in no event less than $10,000.00." Ex. A at ¶ 67. That is only the minimum, however, and a removing party can rely upon its own estimate of the attorneys' fees that would be incurred through trial and subject to a fee-shifting statute. The "use of similar cases to estimate the cost of attorney's fees is sufficient to establish that [a party's] estimate is more likely than not correct." *Lyon v. W.W. Grainger Inc.*, No. C 10-00884 WHA, 2010 WL 1753194, *5 (N.D. Cal. Apr. 29, 2010).

35. For example, in *Arace*, the attorneys' fees awarded under Cal. Welf. & Inst. Code § 15657.5 following the jury trial amounted to $89,410. *See* 262 Cal. Rptr. at 343. The facts in *Arace* were relatively straightforward: a nursing home administrator misappropriated over $145,000 from a resident for whom she had power of attorney. *Id.* at 342-43. In more complicated cases, courts have awarded far more in fees under § 15657.5. *See Horowitz v. Brown*, No. G057412, 2021 WL 3853261, *16 (Cal. Ct. App. Aug. 30, 2021) (affirming award of $411,955.07 in attorneys' fees); *In re Conservatorship of Gregory*, 95 Cal. Rptr. 2d 336, 338 (Cal. Ct. App. 2000) (affirming award of $517,927.50 in attorneys' fees).

36. Turning more specifically to a reasonable estimate of the potentially recoverable attorneys' fees in this case, "the fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Group v. Drexler*, 997 P.2d 511, 518 (Cal. 2000).

37. "[T]he court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community." *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, CV13-5693 PSG (GJSx), 2017 WL 4685536, *8 (C.D. Cal. May 8, 2017). Plaintiffs' sole attorney of record is Mitchell Reed Sussman, who practices out of Palm Springs, California. *See generally* Ex. A. Mr. Sussman was admitted to the State Bar of California in 1977. *See* Ex. F. Given his

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

DEFENDANTS' JOINT NOTICE OF REMOVAL
9

significant experience (45 years), it is more than reasonable to estimate an hourly rate of at least $400. *Cf. Brown v. 22nd Dist. Agric. Ass'n*, No. 15-CV-02578-DHB, 2017 WL 3131557, *5 (S.D. Cal. July 24, 2017) (finding $650 hourly rate reasonable for attorney in San Diego with forty-seven years' experience).

38. Proceeding to trial in this case would, very conservatively, require at least 75 hours between investigating and drafting the complaint, engaging in discovery (including depositions of the two Plaintiffs and at least Mr. Garcia, the sales agent named as a Defendant), motion practice (including dispositive motions), preparation for trial, and trial. At the very conservative rate of $400 per hour, that would result in attorneys' fees of $30,000.

39. Therefore, the amount of $30,000.00 – not just the pleaded minimum of $10,000.00 – should be included in the amount in controversy for the attorneys' fees that could potentially be recovered under Plaintiffs' financial elder abuse claim.

### 5. Punitive Damages

40. On their first four causes of action, Plaintiffs also aver that "defendants acted with oppression, fraud, and malice and plaintiff[s] are entitled to punitive damages." Ex. A at ¶¶ 39, 50, 53, 68. Although Defendants vigorously dispute all of these (and the other) allegations, they could, if proven, justify a substantial punitive damages award and therefore significantly increase the amount in controversy beyond the threshold amount of $75,000.

41. The Ninth Circuit has clarified that "a defendant satisfies the amount-in-controversy requirement . . . if it is reasonably possible that it may be liable for the proffered punitive damages amount. One way to meet this burden is to cite a case based on the same or a similar statute in which the jury or court awarded punitive damages based on the punitive-compensatory damages ratio relied upon by the defendant in its removal notice." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). "[C]ourts should not assess the likelihood of a large punitive/compensatory damages ratio — as long as there is a prior decision reflecting that ratio and thus making it 'not

impossible' — because it would otherwise require delving into the merits of the case." *Id.*

42. Here, given that the amount in controversy on the rescission claim alone is enough to satisfy the $75,000 threshold, a significant ratio between compensatory and punitive damages need not be established to support diversity jurisdiction. Nonetheless, jury verdicts awarding punitive damages in California consumer fraud claims support a determination that the amount in controversy on Plaintiffs' claims is in excess of $75,000 even when compared to the alleged out-of-pocket damages of $10,882.63.

43. In *Ramirez v. Valley Kia*, CIVDS-13-09561, 2014 WL 7689985 (Cal. Super. Ct. San Bernardino County Dec. 9, 2014), the plaintiff was awarded $2,500 in compensatory damages on her consumer fraud claim and $58,000 in punitive damages, which were reduced to $8,400 by the court, for a ratio of 3.36:1. *See* Ex. G. In *Coon v. Ford Motor Company*, MCC-13-00767, 2018 WL 7139024 (Cal. Super. Ct. Riverside County Oct. 30, 2018), the plaintiff was awarded $99,525 in compensatory damages on his intentional misrepresentation and concealment claims, and $2.5 million in punitive damages, for a ratio of just over 25.1:1. *See* Ex. H. In *Duran v. Quantum Auto Sales Inc.*, 30-2013-00657740-CU-FR-CJC, 2015 WL 10369051 (Cal. Super. Ct. Orange County Oct. 20, 2015), the plaintiff was awarded $3,028 in damages and costs and $41,800 in punitive damages, for a ratio of 13.8:1. *See* Ex. I.

44. Moreover, California courts have reduced punitive damages awards in fraud and deception cases to a permissible ratio of close to ten times the plaintiff's compensatory damages. *See Johnson v. Ford Motor Co.*, 37 Cal. Rptr. 3d 283, 294-95 (Cal. Ct. App. 2005) (remitting punitive damage award in consumer deception and fraud case to $175,000, just less than 10 times the compensatory award, where jury found defendant concealed vehicle's history of significant repairs before selling it to plaintiff); *Bardis v. Oates*, 14 Cal. Rptr. 3d 89, 108 (Cal. Ct. App. 2004) (reducing punitive damage award to $1.5 million in a fraud and breach of fiduciary duty case relating to a real estate project, slightly exceeding a 9:1 ratio, after rejecting a 4:1 ratio as too low).

45. Juries have also awarded punitive damages for financial elder abuse, under Cal. Wel. & Inst. Code § 1567.5, which Plaintiffs seek on their fourth cause of action, at punitive-compensatory damages ratios that would support diversity jurisdiction in this case. In *O'Laverty v. Far*, CIVDS-15-03058, 2016 WL 10706615 (Cal. Super. Ct. San Bernardino County Nov. 16, 2016), the jury awarded plaintiffs $116,937 in compensatory damages for breach of contract, fraud, negligent misrepresentation and financial elder abuse damages, and $500,000 for punitive damages, for a ratio of 4.27:1. *See* Ex. J.

46. Assuming only the amounts Plaintiffs appear to allege as out-of-pocket damages ($10,882.63) and applying one of the lower punitive damages multipliers set forth above of 4.27, the amount in controversy is increased by $46,468.83. When added to the claimed out-of-pocket damages ($10,882.63) and the reasonably estimated attorneys' fees ($30,000.00), just those three items – totaling $87,351.46 – exceed the $75,000 jurisdictional requirement.

47. That amount does not include the additional value of the rescission and declaratory judgment claims, which, as discussed above, are valued at $154,518.40 and $66,717.37, respectively.

48. In total then, the amount in controversy on Plaintiffs' claims is $308,587.23. While Defendants dispute that Plaintiffs are entitled to any recovery, Defendants have plausibly alleged for removal purposes in this Notice of Removal that the amount in controversy exceeds $75,000 for Plaintiffs' claims. Therefore, the jurisdictional threshold set by 28 U.S.C. § 1332 has been established by a preponderance of the evidence.

### III. Rule of Unanimity

49. The requirement that all defendants consent to or otherwise join a notice of removal in order for it to be effective is referred to as the "rule of unanimity." *See generally Proctor v. Vishay Interchnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). The "rule of unanimity" has been codified at 28 U.S.C. § 1446(b)(2)(A), which provides

*GREENSPOON MARDER*
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

DEFENDANTS' JOINT NOTICE OF REMOVAL
12

1  that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

50. "[F]iling a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor*, 584 F.3d at 1225.

51. The undersigned counsel represents all named Defendants, and is filing this Notice of Removal on behalf of all four Defendants. For the avoidance of doubt, undersigned counsel certifies that all four Defendants join in the removal of the action.

**IV.   Notice Given**

52. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiffs, and a copy will be promptly filed with the Clerk of the Court for the Superior Court of California, Orange County, Central Branch.

**V.   Removal is Timely Filed**

53. As required by 28 U.S.C. § 1446(b)(2), this Notice has been timely filed within thirty (30) days that Defendants were deemed served with the Summons and Complaint on December 12, 2021 pursuant to Cal. Civ. Pro. Code § 415.40. *Accord Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (clarifying that 30-day removal period under Section 1446 begins to run when defendant is formally served with summons and the complaint under state law, regardless of whether it previously had notice of complaint); *Robertson v. GMAC Mortg., LLC*, 640 F. App'x 609, 612 n.3 (9th Cir. 2016) (same). *See also*, *e.g.*, *SteppeChange LLC v. VEON Ltd.*, 354 F. Supp. 3d 1033, 1041 (N.D. Cal. 2018) (explaining that "[f]ormal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30-day removal period," and thus removal filed within 30 days of when service was deemed

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA  90067
TEL:  323.880.4520

DEFENDANTS' JOINT NOTICE OF REMOVAL
13

complete under § 415.40 was timely, even though removal was filed more than 30 days after summons and complaint were in fact delivered).

## VI. Pleadings and Process

54. As required by 28 U.S.C. § 1446(a), copies of all state court process and pleadings are attached to this Notice of Removal as Exhibit K.

## VII. Venue

55. Pursuant to 28 U.S.C. § 1441(a), venue in this District Court is proper because this action is currently pending in the Superior Court of California, Orange County, Central Branch, which is in the same District as the United States District Court for the Central District of California, Southern Division.

## VIII. Non-Waiver of Defenses

56. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendants' rights to assert any defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Federal Rule of Civil Procedure 12.

ACCORDINGLY, pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, this Court has jurisdiction over this matter, and Defendants Diamond Resorts Corporation, Diamond Resorts Hawaii Collection Development, LLC (erroneously named as Diamond Resorts Hawaii Collection, LLC), Diamond Resorts Financial Services, Inc., and Jonathan Garcia hereby remove this action from the Superior Court of California, Orange County, Central Branch, to this Court.

Dated: January 6, 2022　　　　　　　Respectfully Submitted,

GREENSPOON MARDER LLP

Richard W. Epstein
(*pro hac vice* application forthcoming)
Jeffrey A. Backman
(*pro hac vice* application forthcoming)
Roy Taub
(*pro hac vice* application forthcoming)

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

DEFENDANTS' JOINT NOTICE OF REMOVAL
14

200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 213-0140
richard.epstein@gmlaw.com
maria.salgado@gmlaw.com
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

*/s/ Germain D. Labat*
Germain D. Labat (Cal. Bar No. 203907)
1875 Century Park East, Suite 1900
Los Angeles, CA 90067
germain.labat@gmlaw.com
Tel: 323.880.4539
Fax: 954.771.9264

*Attorneys for Defendants*

GREENSPOON MARDER
1875 CENTURY PARK EAST
SUITE 1900
LOS ANGELES, CA 90067
TEL: 323.880.4520

DEFENDANTS' JOINT NOTICE OF REMOVAL
15

# CERTIFICATE OF SERVICE

I hereby certify that, on January 6, 2022, a true and correct copy of the foregoing document was filed with the Court's CM/ECF System, which will automatically generate and send by e-mail a notice of electronic filing to all counsel of record, which constitutes proof of service for individuals so served.

I further certify that on January 6, 2022, I caused a true and correct copy of the foregoing document to be served via FedEx overnight and e-mail to:

Mitchell Reed Sussman
1053 S. Palm Canyon Dr.
Palm Springs, CA 92264
(760) 325-7191
raventv1@aol.com

*Attorney for Plaintiffs*

By: */s/ Germain D. Labat*
       GERMAIN D. LABAT